CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 19 2019

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

PATRICIA T.,                              )
                                          )
    Plaintiff                        )  Civil Action No. 7:18-CV-00137
                                          )
v.                                        )
                                          )
ANDREW SAUL, Commissioner of              )
Social Security,                          )  By:  Michael F. Urbanski
                                          )  Chief United States District Judge
                                          )
    Defendant                        )

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on August 27, 2019, recommending that the plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Patricia T. ("Patricia") has filed objections to the report and this matter is now ripe for the court's consideration.

## I. Standard of Review of Magistrate Judge Decision

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007)

(citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with

sufficient specificity so as reasonably to alert the district court of the true ground for the

objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We
> would be permitting a party to appeal any issue that was before the magistrate
> judge, regardless of the nature and scope of objections made to the magistrate
> judge's report. Either the district court would then have to review every issue in
> the magistrate judge's proposed findings and recommendations or courts of
> appeals would be required to review issues that the district court never
> considered. In either case, judicial resources would be wasted and the district
> court's effectiveness based on help from magistrate judges would be
> undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report

and recommendation to which a proper objection has been made. "The district court may

accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. §

636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the

court to a specific error in the magistrate judge's proposed findings and recommendations,'"

de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014

WL 1669806, at *1 (W.D.N.C. 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987

F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.

1982))). "The court will not consider those objections by the plaintiff that are merely

conclusory or attempt to object to the entirety of the Report, without focusing the court's

attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. 2009), aff'd, 373 F. App'x 346 (4th Cir.); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'") Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012). See also Arn, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue de novo if no objections are filed. . . .").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

Veney, 539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II. Judicial Review of Social Security Determinations

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

## III. Plaintiff's Objections[2]

In her objections to the R&R, Patricia asserts that the magistrate judge erred when he made the following findings: (1) that the Appeals Council was correct in refusing to consider additional evidence and (2) that the administrative law judge ("ALJ") properly evaluated the opinion of Patricia's treating physician.

### A. Additional Evidence at Appeals Council

The ALJ in this case issued a determination on May 5, 2017 in which she found Patricia not disabled. R. 39-50. Patricia sought review by the Appeals Council. On November 7, 2017 the Appeals Council agreed to review the case after finding that the ALJ decision was not supported by substantial evidence because the ALJ did not apply the "special technique" to evaluate the severity of Patricia's anxiety.[3] R. 271. The Appeals Council reviewed the ALJ decision, applied the "special technique," and notified Patricia that it intended to conclude that she had no functional limitations related to her anxiety. R. 270-273. The Appeals Council further intended to conclude that Patricia had not been under a disability since her onset date of June 4, 2012 through May 5, 2017, the date of the ALJ's decision. R. 273. The Appeals Council advised Patricia that she could submit a statement about the facts and submit more evidence within 30 days. The additional evidence would be considered if it "[met] the rules we

---

[2] Detailed facts about Patricia's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 18) and in the administrative transcript (ECF No. 9) and will not be repeated here.

[3] An ALJ is supposed to employ the "special technique" to evaluate a claimant's alleged mental impairments. Under the "special technique," the ALJ first evaluates the pertinent signs, symptoms, and laboratory findings to determine whether a claimant has a medically determinable impairment. If it is determined that the claimant has a medically determinable mental impairment, the ALJ then rates the degree of functional limitation resulting from the impairment in terms of a claimant's limitations in four broad categories: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace and adapting and managing oneself. 20 C.F.R. 404.1520a and 20 C.F.R. 416.920(a).

applied above." R. 270, 273. The rules referred to by the Appeals Council are the same as those set out in 20 C.F.R. §§ 404.970(a) and 416.1470(a) (2017).

On December 22, 2017 Patricia sent a memorandum to the Appeals Council arguing that the ALJ erred when she accepted vocational evidence from the vocational expert without requiring the expert to provide additional evidence from the Dictionary of Occupational Titles. She asked that the ALJ's decision be vacated and that her case be remanded for a new hearing. R. 408.

On February 22, 2018 the Appeals Council adopted the findings of the ALJ and issued a decision that Patricia was not disabled. The Appeals Council noted that Patricia had submitted additional evidence from Blue Ridge Pain Management Associates ("Blue Ridge"). Part of the records were 22 pages dated from February 18, 2016 through January 26, 2017. The Appeals Council found that the additional evidence did not show a reasonable probability that it would change the outcome of the decision and thus it did not consider and exhibit the evidence. The second part of the records was 18 pages dated May 11, 2017 through November 8, 2017. Because the ALJ issued her decision on May 2, 2017, the Appeals Council found that the records did not relate to the period at issue.

Patricia argued to the magistrate judge that the Appeals Council failed to properly evaluate the records from Blue Ridge. She asserted that when the Appeals Council grants a request for review and issues its own decision, it bases its decision on the preponderance of the evidence. 20 C.F.R. § 404.979. Also, under those circumstances, the Appeals Council's decision is the final decision of the Commissioner subject to review in district court. Sims v. Apfel, 530 U.S. 103, 106-107 (2000). Patricia asserted that the Appeals Council erroneously

applied the new and material evidence standard to the Blue Ridge records to exclude the records. She asserted that the standard of whether the evidence shows a reasonable probability that it would change the outcome of a decision applies in determining whether to grant Appeals Council review, rather than after a request for review has been granted. Patricia argued that because the Appeals Council granted the request for review, it was obligated to consider the new evidence.

The magistrate judge found that the Appeals Council correctly informed Patricia that even though it was granting review because substantial evidence did not support the ALJ's decision, that it would only consider any additional evidence she submitted if it met the standard set forth in 20 C.F.R. §§ 404.970, 416.1470(a). The magistrate judge further concluded that the Appeals Council properly evaluated and declined to consider the evidence under the regulations.

In her objections, Patricia reiterates her argument that once the Appeals Council agreed to review her case, it was obligated to consider the additional evidence. The Commissioner counters that the Appeals Council only needed to consider the evidence if it was new, related to the time period on or before the hearing decision, and there is a reasonable probability that the additional outcome would change the outcome of the decision.

The court finds that the magistrate judge's analysis is correct. Prior to January 16, 2017, the regulations provided the following:

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings, or conclusions of the administrative law judge are not supported by substantial evidence; or

(4) There is a broad policy or procedural issues that may affect the general public interest.

(b) If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the [ALJ] hearing decision. It will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §§ 404.970, 416.1470 (1987).

The regulations in effect since January 16, 2017 contain new language with respect to

the submission of new evidence. They provide the following:

(a) The Appeals Council will review a case if—

(1) There appears to be an abuse of discretion by the administrative law judge;

(2) There is an error of law;

(3) The action, findings, or conclusions of the administrative law judge are not supported by substantial evidence;

(4) There is a broad policy or procedural issues that may affect the general public interest; or

(5) Subject to paragraph (b) of this section, the Appeals Council receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision.

20 C.F.R. §§ 404.970(a), 416.1470(a).

Paragraph (b) provides that the Appeals Council will only consider additional evidence

under paragraph (a)(5) of the regulation if a claimant shows good cause for not informing the

ALJ about the evidence or submitting the evidence at least five days before the ALJ hearing

and lists several examples of circumstances making it impossible to submit the evidence. 20 C.F.R. §§ 404.970(b)(1)-(3), 416.1470(b)(1)-(3), 404.935(b). One of the circumstances that constitutes good cause is if a claimant received a hearing level decision on the record and the Appeals Council reviewed the decision. 20 C.F.R. §§ 404.970(b)(3)(v), 416.1470(b)(3)(v).

Paragraph (c) provides the following:

> If you submit additional evidence that does not relate to the period on or before the date of the administrative law judge hearing decision as required in paragraph (a)(5) of this section, or the Appeals Council does not find you had good cause for missing the deadline to submit the evidence in § 404.935, the Appeals Council will send you a notice that explains why it did not accept the additional evidence and advises you of your right to file a new application.

20 C.F.R. §§ 404.970(c), 416.1470(c).

The parties agree that the new regulation makes the receipt of additional evidence that meets the new criteria an additional ground on which the Appeals Council will review a decision. See also Cope v. Berryhill, No. 4:17-cv-02806-TER, 2019 WL 642914, *3-4 (D.S.C. 2019) (noting that under the new rules, the Appeals Council will review a case for a number of reasons, including receiving additional evidence that meets the new criteria). The parties also agree that the new regulation adds two requirements to the claimant's burden to have new evidence considered for the first time by the Appeals Council when it is granting review based on new evidence: (1) the claimant must demonstrate good cause for the failure to submit the evidence in question at least five days prior to the ALJ's decision and (2) the claimant must show a reasonable probability of a different outcome. See also Hawks v. Berryhill, No. 1:17CV1020, 2018 WL 6728037, *4 (M.D.N.C. 2018) (finding new regulations add two new requirements).

The parties disagree about whether the Appeals Council is obligated to consider additional evidence if it grants review for one of the other four reasons. The magistrate judge found that paragraph (c) seems to discuss the Appeals Council's consideration of additional evidence in any circumstance, and not just in the context of when it is deciding whether to review a case. Patricia points out that there is no express instruction in the new regulation addressing the Appeals Council's duty to evaluate evidence once review is granted on one of the other four grounds. She further argues that because the Appeals Council issued its own decision, it was bound to base its decision on a preponderance of the evidence, which obligated it to consider the additional evidence, citing in support 20 C.F.R. §§ 404.979, 416.1479.

However, the regulations do not offer the support claimed by Patricia. Rather, they state in relevant part as follows:

> After it has reviewed all the evidence in the administrative law judge hearing record and any additional evidence received, <u>subject to the limitations on Appeals Council consideration of additional evidence in § 404.970</u>, the Appeals Council will make a decision or remand the case to an administrative law judge. The Appeals Council may affirm, modify, or reverse the administrative law judge hearing decision or it may adopt, modify or reject a recommended decision. If the Appeals Council issues its own decision, it will base its decision on a preponderance of the evidence.

20 C.F.R. §§ 404.979, 416.1479 (emphasis added). Thus, rather than require the Appeals Council to review all the evidence in the record, the regulation appears to support the magistrate judge's conclusion that additional evidence is subject to the new criteria found in §§ 404.970 and 416.1470 even after it has decided to review the case.

Further support for the magistrate judge's conclusion is found in the Social Security Hearings, Appeals and Litigation Law Manual ("HALLEX"), § I-3-3-6A (May 1, 2017).[4] The manual notes that when the Appeals Council acts on a request for review, it usually considers only the evidence that was before the ALJ, but if a claimant submits additional evidence in association with a request for review, the Appeals Council must determine if the claimant meets one of the good cause exceptions set forth in 20 C.F.R. § 404.970(b). HALLEX, § I-3-3-6A.

Based on the foregoing, the court finds no error in the magistrate judge's conclusion that the Appeals Council is only obligated to consider additional evidence if it satisfies the new criteria set out in 20 C.F.R. §§ 404.970(a)(5) and 416.1470(a)(5). In her objections to the magistrate judge's R&R, Patricia did not address whether the evidence was new, material, related to the period on or before the date of the hearing, or showed a reasonable probability of a different outcome. Therefore, her objection to the R&R on the issue of inclusion of new evidence is **OVERRULED**.

### B. Evaluation of Treating Physician's Opinion

In general, an ALJ must accord more weight to the medical opinion of an examining source than to that of a nonexamining source. Testamark v. Berryhill, 736 F. App'x 395, 387 (4th Cir. 2018) (citing 20 C.F.R. §§ 404.1527(c)(1), 416.927(c)(1) and Brown v. Comm'r of Soc. Sec. Admin., 873 F.3d 251, 268 (4th Cir. 2017)). Treating sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of the claimant's medical

---

[4] Available at https://www.ssa.gov/OP_Home/hallex/I-03/I-3-3-6.html (last viewed September 13, 2019). While HALLEX does not have the force of law, courts look to it for guidance. See Taylor v. Berryhill, No. 1:16cv0044, 2018 WL 1003755, *17 (W.D. Va. 2018); Way v. Astrue, 789 F.Supp.2d 652 (D.S.C. 2011).

impairments. Id. (citing Woods v. Berryhill, 888 F.3d 686, 695 (2018)). "[T]he ALJ is required to give controlling weight to opinions proffered by a claimant's treating physician so long as the opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the claimant's case record." Lewis v. Berryhill, 858 F.3d 858, 867 (4th Cir. 2017) (alterations and internal quotations omitted).[5] If an ALJ does not give controlling weight to the opinion of a treating source, the ALJ must consider a non-exclusive list of factors to determine the weight to be given all the medical opinions of record, including (1) examining relationship; (2) treatment relationship; (3) supportability of the source's opinion; (4) consistency of the opinion with the record; and (5) specialization of the source. Testamark, 736 F. App'x at 398.

The ALJ gave little weight to two physical capacity evaluation questionnaires completed by one of Patricia's treating physicians, Dr. Marie L. Malinchak. In a questionnaire completed in September 2014, Dr. Malinchak opined that Patricia was unable to sit, stand, walk, or lift anything. R. 47, 475-478; 642-645. Dr. Malinchak also stated that Patricia needed to be continuously up and moving because of pain, but after three or four hours she would need to lie down because of pain. After twenty minutes of walking or thirty minutes of sitting or standing she would have pain. R. 475.

In March 2017, Dr. Malinchak completed another questionnaire in which she stated that Patricia had lower back pain and that the medication she took for pain caused drowsiness

---

[5] The Social Security Administration has amended the treating source rule effective March 27, 2017, for cases filed after that date. Under the new rule, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency. 20 C.F.R. § 404.1520c(a), (c)(1)-(2). Because this case was filed before the effective date of the change, the decision is reviewed under the regulation in effect at that time, 20 C.F.R. § 404.1527.

and fatigue. She stated that Patricia would be unable to do even a low stress job because of her severe pain and that she could sit or stand for zero minutes before needing to move and could never lift any weight. She could walk less than a city block. In response to a question about how often Patricia would need an unscheduled break, Dr. Malinchak answered "unable to work." R. 808-812.

The ALJ gave little weight to the questionnaires because Dr. Malinchak's opinion that Patricia could do no work was not supported by objective findings or the results of diagnostic studies. After her first back surgery, Patricia reported that it was a success. Her pain returned some months later, but other than pain and tenderness, the examination findings, including motor, sensory, and gait findings, were essentially normal. R. 514-515, 522, 535. In March 2015, increased objective findings were noted, which would limit Patricia with regard to pushing and pulling with the lower extremities, and to four hours of standing and walking with a sit/stand option. The ALJ further noted that at a follow-up appointment in November 2015 Patricia had normal findings on exam, R. 770, and Dr. Malinchak's records from 2016 had no findings of gait, motor, or sensory deficits.

The magistrate judge found that that ALJ discussed all of the records from Patricia's visits to Dr. Malinchak along with MRI findings, before concluding that the evidence in the record did not support Patricia's alleged level of incapacity and that the objective functional limitations on examination were not so significant as to render her disabled. In addition, the ALJ found that Patricia is essentially independent in her daily activities, can walk, perform fine and gross motor movements, tends to her personal care albeit with difficulty, prepares easy meals and helps with household chores, drives, goes out alone, helps her father at the grocery

store and handles finances. The ALJ then discussed Dr. Malinchak's physical capacity evaluations in the context of the objective evidence of record and Patricia's descriptions of her daily activities and found that the evidence did not support the limitations imposed by Dr. Malinchak. Thus, the ALJ concluded that substantial evidence supported the ALJ's decision to give Dr. Malinchak's physical capacity assessments little weight.

Patricia objects that substantial evidence does not support the ALJ's decision because a majority of the physical examinations performed since 2011 have noted abnormal findings related to tenderness, reduced range of motion, and muscle spasms, "L/S extension deficiencies moderate," and positive straight leg raises. Patricia also points out that the diagnostic studies and examinations were severe enough to warrant lumbar decompression surgery in 2015. Patricia further argues that the conclusion that her daily activities are inconsistent with Dr. Malinchak's conclusion that she is unable to stand at all, lift anything at all, or even turn her head at all is mistaken, because Dr. Malinchak's conclusions were based on Patricia's limitations in a competitive work situation. She asserts that the ability to perform activities in a competitive work situation would be different than the ability to perform them in a noncompetitive situation.

In essence, Patricia is asking the court to re-weigh the evidence presented to the ALJ, which the court is not at liberty to do. The record does contain evidence that Patricia suffers from pain and has limitations in her ability to sit, stand, and walk. However, the only issue before the court is whether substantial evidence supports the ALJ's decision to give little weight to Dr. Malinchak's physical capacity assessment. The court finds that it does; the ALJ cited to Dr. Malinchak's notes of her examinations and the other objective evidence in the

record that conflicts with Dr. Malinchak's assessment. The evidence was such that a reasonable mind might accept it as adequate to support the conclusion that Dr. Malinchak's opinion was not supported by objective evidence in the record and thus entitled to little weight. Accordingly, Patricia's objection to the finding by the magistrate judge that the ALJ erred in her assessment of Dr. Malinchak's opinion is **OVERRULED**.

<u>**CONCLUSION**</u>

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

Entered: 09/18/2019

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge